UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| MARGARET F. RICHARD,<br><br>        Plaintiff,<br>v.<br><br>STONELEIGH RECOVERY ASSOCIATES, LLC; and Does 1-10, inclusive,<br><br>        Defendant. | Civil Action No.: _____<br><br><br><br>COMPLAINT |

For this Complaint, the Plaintiff, MARGARET F. RICHARD, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the harassment of Plaintiff by the Defendant and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in the U.S. District Court for the District of Nevada pursuant to 28 U.S.C. § 1391(b), as Defendant transacts business in the State of Nevada.

## PARTIES

4. The Plaintiff, MARGARET F. RICHARD ("Plaintiff"), is an adult

individual residing in Las Vegas, Nevada, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Plaintiff was also over the age of sixty (60) at the time of the complained of acts by Defendant which gave rise to this action.

6. Defendant STONELEIGH RECOVERY ASSOCIATES, LLC ("STONELEIGH"), is principally located in Lombard, Illinois.

7. STONELEIGH is doing business in the State of Nevada as a business entity operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

8. Does 1-10 (the "Collectors") are individual collectors employed by STONELEIGH and whose identities are currently unknown to the Plaintiff. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

9. STONELEIGH at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

10. Plaintiff allegedly incurred a financial obligation (the "Debt") to Nissan (the "Creditor").

11. The Debt arose from services provided by the Creditor which were

2

primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

12. The Debt was purchased, assigned or transferred to STONELEIGH for collection, or STONELEIGH was employed by the Creditor to collect the Debt.

13. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. STONELEIGH's Illegal "Dunning" Collection

14. On or about March 12, 2013, STONELEIGH mailed to Plaintiff a "dunning letter" dated March 8, 2013, a copy of which is attached hereto as Exhibit "1".

15. In its letter, STONELEIGH states that it is collecting an account "referred" to it from NCEP, LLC.

16. STONELEIGH's letter then communicates the following statements:

> **At this time no attorney has personally reviewed the particular circumstances of your account…**
>
> **[i]f you fail to contact this office and make arrangements to pay your account, this matter may be returned to our client who then may forward it to a local attorney for purposes of filing suit…**

3

> **If you have any interest in avoiding this action and possible further expenses…pay your balance.**

17. Each of the above statements contained in STONELEIGH's March 8, 2013 letter was false, oppressive, abusive, deceptive or otherwise in violation of the FDCPA.

18. On or about May 10, 2013, STONELEIGH mailed to Plaintiff another "dunning letter" dated May 9, 2013, a copy of which is attached hereto as Exhibit "2".

19. In the May 9, 2013 letter, STONELEIGH's letter communicates the following statements:

> **At this time no attorney has personally reviewed the particular circumstances of your account…**
>
> **[i]f you fail to contact this office and make arrangements to pay your account, this matter may be returned to our client then forwarded to a local attorney for purposes of filing suit…**
>
> **If you have any interest in avoiding this action please contact our office today.**

4

20. Each of the above statements contained in STONELEIGH's May 9, 2013 letter was false, oppressive, abusive, deceptive or otherwise in violation of the FDCPA.

C. **Plaintiff Suffered Actual Damages**

21. The Plaintiff has suffered and continues to suffer actual damages as a result of STONELEIGH's unlawful conduct.

22. As a direct consequence of STONELEIGH's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

D. **Respondeat Superior Liability**

23. The acts and omissions of STONELEIGH, and the other debt collectors employed as agents by STONELEIGH who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant STONELEIGH.

24. The acts and omissions by STONELEIGH and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by STONELEIGH in collecting consumer debts.

25. By committing these acts and omissions against Plaintiff,

STONELEIGH and these other debt collectors were motivated to benefit their principal, Defendant STONELEIGH.

26. STONELEIGH is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Nevada tort law, in their attempts to collect a debt from Plaintiff.

## COUNT I
## VIOLATIONS OF THE FDCPA - 15 U.S.C. § 1692, et seq.

27. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

29. The Defendants' conduct violated 15 U.S.C. § 1692e in that Defendants engaged in false, deceptive or misleading behavior in connection with the collection of a debt.

30. The Defendants' conduct violated 15 U.S.C. § 1692e(5) in that Defendants threatened to take action against the Plaintiff which it could not legally take or did not intend to take in collection of a debt.

31. The Defendants' conduct violated 15 U.S.C. § 1692e(10) in that Defendants employed various false representations and deceptive means to collect a debt.

32. The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt and attempted to humiliate and belittle Plaintiff.

33. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

34. The Plaintiff is entitled to damages as a result of Defendants' violations.

35. The Plaintiff has been required to retain the undersigned as counsel to protect her legal rights to prosecute this cause of action, and is therefore entitled to an award or reasonable attorneys' fees plus costs incurred.

## COUNT II.
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND BY REVELATION OF PRIVATE FINANCIAL FACTS TO THIRD PARTY

36. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

37. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it

stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**
>
> 15 U.S.C. § 1692(a) (emphasis added).

38. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors albeit without a private right of action, when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.
>
> 15 U.S.C. § 6801(a) (emphasis added).

39. Defendants and/or their agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of this Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

40. Upon information and belief, Defendants also intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or

private concerns or affairs of the Plaintiff, namely, by repeatedly and unlawfully disclosing information about this debt to third parties, and thereby invaded Plaintiff's right to financial privacy.

41.  Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

42.  The conduct of these Defendants and their agents, in engaging in the above-described illegal collection conduct against this Plaintiff, resulted in multiple intrusions and invasions of privacy by these Defendants which occurred in a way that would be highly offensive to a reasonable person in that position.

43.  As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from each Defendant.

## COUNT III
### (Against All Defendants For Violations of NRS 41.1395)

44.  The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

45.  Plaintiff is an "older or vulnerable" person as defined by NRS 41.1395.

46.  STONELEIGH caused the Plaintiff to suffer injuries as a result of STONELEIGH's illegal conduct.

47. STONELEIGH's actions were willful and unjustified and resulted in causing injuries and metal anguish to the Plaintiff.

48. As a direct and proximate result of STONELEIGH's wrongful conduct, Plaintiff suffered damages.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants awarding the Plaintiff:

1. for actual damages including, but not limited to, the emotional distress the Plaintiff has suffered (and continues to suffer) as a result of the intentional, reckless, and/or negligent FDCPA violations pursuant to 15 U.S.C. § 1692k(a)(1);

2. for statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

3. for an award of actual damages from each and every Defendant for the emotional distress suffered as a result of the intentional and/or negligent violations and intentional and/or negligent invasions of privacy in an amount to be determined at trial and for Plaintiff;

4. for punitive damages;

5. for damages appropriate under NRS 41.1395; and/or

6. for such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: May 29, 2013

        Respectfully submitted,

        By /s/David H. Krieger, Esq.

        David H. Krieger, Esq.
        Nevada Bar No. 9086
        HAINES & KRIEGER, LLC
        5041 N. Rainbow Blvd.
        Las Vegas, Nevada 89130
        Phone: (702) 880-5554
        FAX: (702) 385-5518
        Email: dkrieger@hainesandkrieger.com

        Attorney for Plaintiff
        *MARGARET F. RICHARD*